UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTINE BARBER,<br><br>　　　　　Defendant. | No. 2:19-cv-2592-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, originally filed this action in the San Joaquin Superior Court. ECF No. 1. Defendant removed it to this court on December 23, 2019, *id.,* and on December 30, 2019, filed a motion to dismiss, ECF No. 3. Before addressing defendant's motion to dismiss, the court must screen plaintiff's complaint. *See, e.g., Morris v. Horel*, No. C 07-6060 SI (pr), 2008 U.S. Dist. LEXIS 56938, *3 (N.D. Cal., March 12, 2008) (civil rights action screened pursuant to section 1915A after being removed from state court).

Screening

I.　　Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.     Analysis

Plaintiff's complaint, written on a state form, has a "check the box" indicator that the case concerns medical malpractice. ECF No. 1 at 5. The body of the complaint, however, plainly indicates that it is premised on two claims: an Eighth Amendment claim for deliberate indifference to serious medical needs (*id.* at 10-11) and a state law claim for intentional infliction of emotional distress (*id.* at 7, 11).

1    The alleged facts of the case are straightforward. On September 15, 2017, plaintiff's
2    primary care provider – Dr. Win – examined a persistent callus on his left foot that was causing
3    him chronic pain. *Id.* at 8. Based thereon, plaintiff was approved for an outpatient consult at San
4    Joaquin General Hospital on October 17, 2017. *Id.* There, a specialist recommended that
5    plaintiff undergo a "hammertoe correction" procedure. *Id.* On November 1, 2017, Dr. Win
6    requested approval for the procedure from the "Utilization Management Unit" – of which
7    defendant is allegedly a part. *Id.* The defendant allegedly denied Dr. Win's request on the
8    grounds that it did not "meet IQC."[1] *Id.* Regardless, plaintiff filed a health grievance concerning
9    the denial and, on December 18, 2017, the defendant's decision was overturned. *Id.* at 9. On
10   February 20, 2018, plaintiff underwent the procedure. *Id.*

### A. Deliberate Indifference

The allegations, taken as true, do not rise to the level of deliberate indifference. To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if she knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

/////

---

[1] It is not apparent from the complaint what "IQC" stands for. The acronym, however, is a common short-hand for internal quality control.

Here, plaintiff alleges only that the defendant denied his primary care provider's request for an outside surgical procedure. He has not alleged facts which, taken as true, show that the defendant understood that her denial would expose plaintiff to a substantial risk of serious harm. Put another way, nothing in the complaint indicates that defendant's denial stemmed from anything other than her well-meaning professional judgment. Perhaps that judgment was wrong or negligent, but it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

### B. Intentional Infliction of Emotional Distress

Plaintiff alleges that defendant's denial of his procedure amounted to intentional infliction of emotional distress. "In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). "Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress' is actionable." *Brooks v. United States*, 29 F. Supp. 2d 613, 617-18 (N.D. Cal. 1998). Here, plaintiff alleges only that defendant denied his provider's request for the aforementioned procedure. Nothing in the complaint indicates that her conduct was outrageous or that she intended or recklessly disregarded the probability of causing emotional distress.

/////

/////

/////

/////

### III. Leave to Amend[2]

Plaintiff will be given leave to amend to address the foregoing deficiencies. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

---

[2] "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, the court cannot so conclude and, thus, leave to amend will be granted.

and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that

1. Plaintiff's complaint (ECF No. 1, Ex. A) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

Further, it is RECOMMENDED that defendant's motion to dismiss (ECF No. 3) be DENIED without prejudice as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 20, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE