UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE BARBER,<br><br>Defendant. | No. 2:19-cv-2592-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court screened plaintiff's original complaint, found that it failed to state sufficient facts to state a claim, and directed plaintiff to file an amended complaint. ECF No. 11. Plaintiff has filed an amended complaint, which is before the court for screening under 28 U.S.C. § 1915A. ECF No. 12.

    I.    <u>Screening</u>

        A.  <u>Requirement and Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B. Factual Allegations

Plaintiff alleges that, on September 15, 2017, his physician at Deuel Vocational Institution ("DVI"), Dr. Win, submitted a Physician's Request for Services ("RFS") form requesting that plaintiff be seen by an outside specialist for a persistent callus on the ball of his foot that caused him chronic pain when walking. ECF No. 12 at 2. DVI's Chief Medical Executive, Dr. Chopnick, approved the RFS, and plaintiff was seen by outside podiatrist Dr. Wolterbeek on October 17, 2017. *Id.* Dr. Wolterbeek recommended surgery to correct an underlying issue that caused the callus. *Id.*

/////

1    On November 1, 2017, Dr. Win submitted a second RFS requesting that plaintiff be
2 approved to have the surgery performed by Dr. Wolterbeek. *Id.* at 3.  The RFS was routed
3 through InterQual, a program used by the California Department of Corrections and
4 Rehabilitation to review RFS's and determine whether they meet criteria for approval.  *Id.*  If an
5 RFS is approved through InterQual (i.e., the program determines that the request meets the its
6 criteria for approval), it is then reviewed by the Chief Medical Officer for ultimate approval.  *Id.*
7    The InterQual program approved Dr. Win's second RFS and assigned it a tracking
8 number, but defendant, DVI's Chief Physician, denied the RFS, giving her reason as: "Did not
9 meet IQC."  *Id.* at 3.  "IQC" is shorthand for InterQual's criteria for approval.  *Id.*  Plaintiff
10 grieved this denial, and his grievance was granted.  *Id.* at 4.  Plaintiff received the operation on
11 his foot on January 16, 2018.  *Id.*
12    Plaintiff alleges that the second RFS clearly met InterQual's criteria because the program
13 assigns a tracking number only to approved requests.  *Id.* at 5.  Thus, plaintiff alleges, defendant
14 was lying when she wrote that her reason for denying the RFS was that it did not meet
15 InterQual's criteria.  *Id.*
16        C.  <u>Analysis</u>
17    Plaintiff asserts two claims: (1) deliberate indifference in violation of the Eighth
18 Amendment and (2) intentional infliction of emotional distress, a California state law tort claim.
19 The court instructed plaintiff on the elements of these causes of action in its initial screening
20 order and found that plaintiff had failed to allege facts which, if true, would show that defendant
21 acted with deliberate indifference.  Thus, the deliberate indifference claim failed.  The court also
22 found that that the facts did not show that defendant acted outrageously, with an intention to
23 cause emotional distress, or with a reckless disregard to the probability of causing emotional
24 distress.  Thus, the state claim failed as well.
25    Plaintiff has attempted to remedy these inadequacies with his allegation that, because the
26 RFS had been assigned a tracking number by InterQual, it had *ipso facto* met the program's
27 criteria for approval and, thus, defendant lied when she stated that she was denying the request
28 /////

3

because it did not meet InterQual criteria.  These additional factual allegations do not save the claims.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if she knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Alleging that the RFS met InterQual's criteria for approval despite defendant's notation otherwise is not the same as showing that defendant was aware that plaintiff faced a substantial risk of serious harm if the RFS was denied but denied it nonetheless.  Defendant may simply have disagreed with the program's conclusion.  A disagreement between medical providers as to the proper course of treatment does not make out an Eighth Amendment violation unless it results in care that is "medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  Plaintiff has not alleged facts that, if true, would show that defendant's denial of the RFS for surgery was medically unacceptable and chosen in conscious disregard of an excessive risk to his health.

"In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing

4

emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). "Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress' is actionable." *Brooks v. United States*, 29 F. Supp. 2d 613, 617-18 (N.D. Cal. 1998). Even assuming the truth of plaintiff's claim that defendant's reason for denying the RFS was incorrect or even pretextual, he has not alleged facts that show that defendant intended to cause or recklessly disregarded the probability of causing him emotional distress.

The court will provide plaintiff one last opportunity to amend the complaint to attempt to state viable claims against defendant.

If plaintiff elects to file a second amended complaint, that pleading must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

II. <u>Order</u>

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend within 30 days from the date of service of this order.

2. Failure to comply with any part of this order may result in dismissal of this action.

DATED: May 15, 2020.

                    /s/ Edmund F. Brennan
                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE